WYNN, Judge.
Defendant D.W., a juvenile, appeals from judgment of the trial court adjudicating him delinquent on the charge of resisting a public officer. He contends the trial court erred in (1) adjudicating him delinquent as the allegations in the petition were inconsistent with the evidence; and (2) finding him guilty of resisting, delaying, or obstructing an officer as the evidence was insufficient as a matter of law. Because Defendant presents no proper assignments of error, we dismiss this appeal.
On 12 February 2003 around 5:30 p.m., Officers Paul and Carriker were doing routine patrol around the area of Westwood Apartments. Upon noticing Defendant in front of the apartments, Officer Paul approached him and asked if he lived there. Defendantresponded "no," prompting Officer Paul to ask Defendant his name. Defendant did not respond to this request and walked away from the officers. Officer Paul asked a resident if he knew Defendant and the resident responded in the negative.
Officer Paul followed Defendant to the street and continued to ask Defendant his name. Defendant continued to ignore the officers and walked into the street in order to cross it. Officer Paul testified that a car had to drive around Defendant. Officer Paul then instructed Defendant to get out of the street and tell him his name. Defendant responded to this request with profanity.
Officer Paul continued to talk to Defendant at which time Defendant reversed directions and began walking toward the officer in order to speak with him. Defendant was still using profanity and telling the officer he was not going to do anything to him. At this point, Officer Paul decided to place Defendant under arrest. Officer Paul grabbed Defendant by the hand and while he attempted to put handcuffs on him, Defendant moved his arm in a forward motion. Officer Paul testified that he considered this forward motion of his arm resisting. Defendant leaned forward and fell to the ground.
After a hearing, the trial court found Defendant guilty of the allegations in the petition for delinquency. The trial court placed Defendant on probation for nine months, and ordered him to preform 101 hours of community service and undergo anger management and educational counseling. Defendant appealed.
Defendant contends the trial court erred in (1) adjudicating him delinquent as the allegations in the petition were inconsistent with the evidence; and (2) finding him guilty of resisting, delaying, or obstructing an officer as the evidence was insufficient as a matter of law. We do not reach the merits of the arguments as the appeal is dismissed.
"A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . at trial." N.C. R. App. P. 10(b)(3). As Defendant did not move to dismiss the petition for delinquency at any point in the hearing, he cannot now properly assign as error the insufficiency of the evidence.
Defendant also asserts the trial court committed plain error in finding him guilty as the evidence was insufficient as a matter of law. Plain error is only applied in criminal cases involving the admissibility of evidence and jury instructions. State v. Golphin, 352 N.C. 364, 460, 533 S.E.2d 168, 230-31 (2000). Therefore, plain error review of insufficiency of the evidence, where Defendant failed to move to dismiss the charge at the trial level, is not proper. Id.
As Defendant fails to properly present any assignments of error for our review, we must dismiss this appeal.
Appeal dismissed.
Judges HUDSON and ELMORE concur.
Report per Rule 30(e).